IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JON B. CARROLL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:16cv229-MHT-SRW |
| | ) |
| JOHN WHITE et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court for consideration of the plaintiff's complaint under the standard set out in 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Plaintiff Jon B. Carroll, proceeding *pro se*, is a journalist. The defendants are current or former police officers for the City of Dothan, Alabama. Upon its review of the complaint, and for the reasons discussed below, the court concludes that plaintiff's claims are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines that … the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND[2]**

---

[1] By order entered on April 6, 2016, U.S. District Judge Myron H. Thompson referred this case to the undersigned for action or recommendation on all pretrial matters. (Doc. 14).

[2] The factual basis of plaintiff's lawsuit set out here is derived exclusively from the plaintiff's complaint and its exhibits. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) (When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or when reviewing a plaintiff's complaint pursuant to § 1915(e)(2)(B), "[a] district court can generally consider exhibits attached to a

1

According to his complaint, plaintiff has published at least one article in which he levied accusations of criminal activity against the defendants. Plaintiff's article allegedly reported that, from June 1998 through April 1999, while defendants were employed as Dothan police officers, they "planted drugs" and "illegal weapons" on African Americans whom they arrested. (Doc. 7 at 7, 10). Plaintiff alleges that "[s]everal of the [d]efendants were reported to have committed the actions while being members of a secret neo-confederate organization[.]" (Id. at 7). After the article was published, plaintiff and defendant Parrish, whom plaintiff alleges is the Chief of Police for the City of Dothan, Alabama, engaged in a publicized debate about the truthfulness of plaintiff's reporting. Chief Parrish held a news conference in which he characterized the documents used to support plaintiff's article as "outright lies," and plaintiff subsequently conducted filmed and radio interviews in defense of the veracity of his article. (Doc. 7 at 9-10).

The defendants hired attorneys with the law firm of Cobb, Boyd, White & Cobb in Dothan, Alabama, to represent their interests with respect to the plaintiff's activities. (Doc. 7-1 at 1-2). The defendants' lawyers delivered two letters to plaintiff. One letter is undated; the other is dated January 5, 2016. (Id.). Each letter states that the defendants' lawyers intend to pursue lawsuits under Alabama law for the tort of "defamation per se" against the plaintiff, and defendants' attorneys demand that plaintiff publish a retraction of his article

---

complaint … and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls."). No findings of fact are made or implied, and the factual background is provided solely to give context to the court's analysis in this recommendation. The allegations made by the plaintiff in this case are unproven and, for the reasons discussed below, they are given the presumption of truth only for the purposes of this recommendation, which is consistent with the weight assigned to a plaintiff's allegations of fact in any civil action that a court reviews pursuant to § 1915(e)(2)(B).

and his public statements about the defendants within ten days or five days, respectively, from the date that plaintiff received the letters. (Id.). According to plaintiff's complaint, defendants have not actually filed the threatened lawsuits.

In response to defendants' attorneys' demand letters, plaintiff filed this lawsuit in an effort to secure a declaratory judgment and injunctive relief that will insulate him from the possibility of future litigation brought by the defendants.  In a claim asserted under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, the plaintiff seeks a judgment that, because he is a journalist and he reported about the defendants in their capacities as public officials, he cannot be sued in an Alabama court by the defendants because he is shielded from a defamation lawsuit by the First and Fourteenth Amendments.  He brings additional claims for violations of those constitutional rights pursuant to 42 U.S.C. § 1983. The plaintiff's Declaratory Judgment Act and § 1983 claims are intertwined and seek identical relief based on the same facts and legal arguments.  In the plaintiff's words, "Declaratory relief is appropriate where a litigant needs direction from a court before taking future action.  Such direction will afford the litigant relief from uncertainty.  It also affords a party threatened with liability an opportunity for adjudication before its adversary commences litigation." (Doc. 7 at 4).  Plaintiff also asserts a state law claim arising under Article I, Section 5, of the Washington State Constitution.

Plaintiff resides in the State of Washington, and he filed this lawsuit in a federal court in his home state. He asserts subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 & 1367. The Washington court *sua sponte* determined that venue was improper and lies instead in the United States District Court for the Middle District of Alabama, and

3

it transferred the case to this court. (Doc. 13). Prior to doing so, the Washington court granted plaintiff's motion for leave to proceed *in forma pauperis*.[3] (Doc. 6).

This court entered an order staying this lawsuit for the purpose of conducting a review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 16). For the reasons discussed below, it concludes that the plaintiff fails to state a claim that is plausible on its face because plaintiff's claims are not ripe for adjudication; thus, this lawsuit is due to be dismissed because the court lacks subject matter jurisdiction. See Serpentfoot v. Rome City Comm'n, 322 F. App'x 801, 805 (11th Cir. 2009) (citing Georgia Advocacy Office, Inc. v. Camp, 172 F.3d 1294, 1299 (11th Cir. 1999) ("If a claim is not ripe, the district court lacks jurisdiction to issue a ruling on the merits and therefore must dismiss that claim without prejudice."); Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

## DISCUSSION

"Federal Rule of Civil Procedure 12(b)(6) standards govern [a court's] review of dismissals under section 1915(e)(2)(B)(ii)[.]" Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). See also Jones v. Brown, 649 F. App'x 889, 890 (11th Cir. 2016) (citing Mitchell, *supra*) ("We review the district court's dismissal for failure to state a claim for which relief may be granted pursuant to § 1915(e)(2)(B)(ii) *de novo*, applying the same

---

[3] The Washington court's orders do not indicate that it undertook a §1915(e)(2)(B) analysis of the complaint or assured itself of subject matter jurisdiction over this cause before entering the order transferring plaintiff's case to this court. (See Docs. 3, 6, 8, 11, 12).

4

standards that govern Federal Rule of Civil Procedure 12(b)(6)."). In considering a Rule 12(b)(6) motion, the court

> must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1056–57 (11th Cir. 2007). *Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). However, in order to survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Id.

A plaintiff who files a lawsuit in a federal court bears the burden to demonstrate subject matter jurisdiction. See, e.g., Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 765 (11th Cir. 2010) (quoting McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936)) ("The prerequisites to the exercise of jurisdiction … must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction."). This court has reviewed plaintiff's complaint in light of the foregoing principles.

## I. Plaintiff's § 1983 Claims

This court lacks subject matter jurisdiction over plaintiff's § 1983 claims because they are not yet ripe for judicial review. See Digital Properties, Inc. v. City of Plantation, 121 F.3d 586, 591 (11th Cir. 1997) (quoting Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n. 7 (11th Cir. 1989)) ("The determination of ripeness 'goes to whether the district court had subject matter jurisdiction to hear the case.'").

A plaintiff may generally "bring a cause of action pursuant to section 1983 to remedy violations of both the federal constitution and federal statutes." Holbrook v. City of Alpharetta, Ga., 112 F.3d 1522, 1530 (11th Cir. 1997).  Section 1983 is a remedial statute, not a stand-alone cause of action.  See Mears v. McCulley, 881 F.Supp.2d 1305, 1317 (N.D. Ala. 2012) ("42 U.S.C. § 1983 is a remedial vehicle: that is, it provides a means to seek redress against state and local governmental entities and officials whose conduct under color of state law deprives a plaintiff of rights, privileges, or immunities secured by the United States Constitution or federal statutes.").  In the present case, plaintiff asserts that, should defendants sue him for defamation sometime in the future, such a lawsuit would infringe upon his constitutional rights to free speech, due process, and equal protection under the law as secured by the First and Fourteenth Amendments to the United States Constitution.  He brings § 1983 claims against all defendants and seeks an injunction preventing defendants from suing him for defamation per se.  The crux of plaintiff's § 1983 claims is his assertion that such a defamation lawsuit against him in his capacity as a journalist is unlawful in light of the Supreme Court's holding in New York Times Co. v. Sullivan, 376 U.S. 254 (1964).  (Doc. 7 at 7).[4]

---

[4] Plaintiff argues that Sullivan "protects a journalist … from being sued for making defamatory statements about the official conduct of a public official[.]" (Doc. 7 at 6). However, Sullivan does not provide absolute immunity to journalists from defamation per se lawsuits brought by public officials who act in their official capacity.  The Supreme Court's holding in Sullivan established that, with regard to libel actions filed against journalists, a plaintiff must prove an element of malice on the part of the publishing party by clear and convincing evidence.  376 U.S. at 268-92.  In relevant part, Sullivan holds that

> [t]he constitutional guarantees [of the First and Fourteenth Amendments] require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with "actual malice"—that is, with knowledge that it was false or with reckless disregard of whether it was false or not.

"Decisions on ripeness issues are fact-sensitive." Eide v. Sarasota County, 908 F.2d 716, 727 (11th Cir. 1990). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. United States, 523 U.S. 296, 300 (1998) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985)). The factual allegations underpinning the plaintiff's § 1983 claims for deprivations of his First and Fourteenth Amendment rights represent a "contingent future event[] that may not occur as anticipated, or indeed may not occur at all." Id. Accordingly, because plaintiff's § 1983 claims are not ripe for judicial review, those claims are due to be dismissed without prejudice.

## II. Plaintiff's Declaratory Judgment Act Claim

The plaintiff's complaint presents the court with a request for a declaratory judgment that defendants will violate plaintiff's First and Fourteenth Amendment rights if they sue him for the tort of defamation per se. That prayer for relief – which seeks a

---

376 U.S. at 279–80.

The standards of Sullivan are incorporated into Alabama law. See Nelson v. Lapeyrouse Grain Corp., 534 So. 2d 1085, 1095 (Ala. 1988). Under Alabama law, the tort of "defamation per se" requires a plaintiff to prove actual malice on the part of the defendant. See e.g. Butler v. Town of Argo, 871 So. 2d 1, 16-17 (Ala. 2003) (distinguishing between the torts of defamation and defamation per se). "A 'defamed' plaintiff who is a public official or a public figure or whose case involves matters of public concern must prove, by clear and convincing evidence, that the defamatory communication was made with … actual malice – that is, 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" Nelson, 534 So. 2d at 1095 (quoting White v. Mobile Press Register, Inc., 514 So. 2d 902 (Ala.1987), and citing Sullivan, 376 U.S. 254). "In such cases [involving matters of public concern], the First Amendment interest in protecting this type of expression outweighs the countervailing State interest in protecting individuals from damage to reputation." Id. at 1095-96. "However, in defamation cases of purely private concern … the plaintiff must prove that the defamatory communication was uttered with common law actual malice … [w]hen defamatory speech does not involve matters of public concern, the State interest outweighs the First Amendment interest." Id. at 1096.

7

judgment regarding a possible future event – is not ripe for review for the reasons discussed in Section I, *supra*. The lack of ripeness raises an additional threshold jurisdictional concern in this Declaratory Judgment Act lawsuit "[b]ecause a federal court may not issue advisory opinions and must not waste resources by reviewing potential or abstract disputes, a federal court cannot take up a party's claim unless that claim is ripe for review." Sherrer v. Miami-Dade County, 2015 WL 4396784, at *1 (S.D. Fla. July 17, 2015) (quoting Nat'l Adver. Co. v. City of Miami, 402 F.3d 1335, 1338 (11th Cir. 2005) (citations, emphasis, and marks omitted)). See also Campbell-Ewald Co. v. Gomez, __ U.S. __, 136 S. Ct. 663, 679 (2016) (parties must always maintain a "personal stake in the outcome of the lawsuit" that is a "concrete interest in the outcome of the litigation" or the case is moot and a court "that decides the merits of such a case runs afoul of the prohibition on advisory opinions.").

While the plaintiff's Declaratory Judgment Act claim necessarily fails because plaintiff's § 1983 claims are not ripe, declaratory relief independently lacks ripeness for a separate reason.

> "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." [Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)]. The act "vest[s] district courts with discretion in the first instance[ ] because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." Id. at 289[.]

Smith v. Casey, 741 F.3d 1236, 1244 (11th Cir. 2014); see also 28 U.S.C. § 2201(a) (providing that district courts "may" exercise jurisdiction over a declaratory judgment claim). In the instant case, the plaintiff seeks a declaratory judgment for an impermissible

8

purpose such that, even if plaintiff's § 1983 claims withstood jurisdictional scrutiny, the Declaratory Judgment Act claim nonetheless is due to be dismissed.

It is well-established that a court cannot issue a declaratory judgment of the type that the plaintiff requests – i.e., one designed to protect a plaintiff from the threat of litigation that may never come to pass.  In MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118 (2007), the Supreme Court reiterated that a court cannot entertain a Declaratory Judgment Act lawsuit where there is "no case of controversy under Article III" because the plaintiff seeks "an advisory opinion -about an affirmative defense it might use in some future litigation." Id. at 142-43 (holding that a litigant cannot use the Declaratory Judgment Act to secure "advisory rulings on the potential success of an affirmative defense before a cause of action has even accrued") (citing Calderon v. Ashmus, 523 U.S. 740, 747 (1998) ("dismissing a suit that 'attempt[ed] to gain a litigation advantage by obtaining an advance ruling on an affirmative defense'"); Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 244 (1952) ("The disagreement must not be nebulous or contingent but must have taken on fixed and final shape[.]"); Coffman v. Breeze Corps., 323 U.S. 316, 324 (1945) ("rejecting use of the Declaratory Judgment Act as a 'medium for securing an advisory opinion in a controversy which has not arisen'"); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937) (a party to a Declaratory Judgment Act case cannot ask a court to enter "an opinion advising what the law would be upon a hypothetical state of facts")).

Because plaintiff essentially seeks a declaratory judgment that possible defenses or affirmative defenses would be meritorious if he is sued by the defendants for defamation per se, or as a means to thwart such a lawsuit before its inception, plaintiff seeks an

9

impermissible advisory opinion on a matter that is not ripe. See MedImmune, Inc., *supra*. Accordingly, the court is prohibited from adjudicating plaintiff's prayer for relief under the Declaratory Judgment Act due to a lack of subject matter jurisdiction, and that claim is due to be dismissed.

### III. Plaintiff's State Law Claim

According to plaintiff's complaint, the Washington State Constitution guarantees his right to "freedom of speech." (Doc. 7 at 20). Upon the dismissal of plaintiff's federal claims, there is no independent basis for this court to assume subject matter jurisdiction over the plaintiff's state law claim. A federal court cannot exercise supplemental jurisdiction over a state law cause of action if, as in this case, the court lacks subject matter jurisdiction over plaintiff's federal claims. See 28 U.S.C. § 1367(a) ("… in any civil action of which the district courts have original jurisdiction, the districts courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

### CONCLUSION AND ORDER

Accordingly, for the reasons stated herein, it is

ORDERED as follows:

(1) The undersigned Magistrate Judge RECOMMENDS that, because plaintiff's claims are not ripe, this court lacks subject matter jurisdiction over plaintiff's federal claims, and because there is no independent basis for subject matter jurisdiction over plaintiff's claim for relief made pursuant to the Washington

State Constitution, this action is due to be DISMISSED WITHOUT PREJUDICE.

(2) The motion to intervene (Doc. 15) filed by non-party Wykle Williams, Jr. is due to be DENIED as MOOT.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the plaintiff. The plaintiff may file any objections to this Recommendation on or before December 2, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; see <u>Dupree v. Warden</u>, 715 F.3d 1295 (11th Cir. 2013).

DONE, on this the 18th day of November, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge